PER CURIAM.
This cause is before us for review of the judgment of the Board of Governors of The Florida Bar that respondent be disbarred from the practice of law and pay the costs of these proceedings.
The judgment of the Board of Governors, entered April 25, 1969, recites the findings of the appointed referee as follows :
“In his report covering the 15 counts the referee found that respondent violated Rule 11.02 of Article XI of the Integration Rule of The Florida Bar [32 F.S.A.], and Canon 11 of the Canons of Professional Ethics and Rules 1, 27 and 28 of the Additional Rules Governing the Conduct of Attorneys in Florida [32 F.S.A.].
It is the referee’s recommendation that the respondent be disbarred.
“In his companion report the referee finds that respondent converted clients (sic) funds to his personal use and on this charge recommends that respondent be disbarred.
“The Board of Governors, upon review and consideration of the referee’s report containing 15 counts, finds respondent guilty of unprofessional conduct on counts I, II, III, IV, V, VI, VII, VIII, X, XII, XIV and XV. The Board dismisses counts IX, XI and XIII without prejudice.
“After review and consideration of the companion report of the referee and the record, the Board finds that no loss was sustained by the Rezniks as the money was paid to them by cashier’s check after the Rezniks (sic) Michigan attorney filed a complaint with the grievance committee. The Board finds, however, that respondent did commingle the Rezniks’ funds with his own for a period of months as evidence when attempted payment of the sum due, on respondent’s trust account check, failed when respondent’s check was returned for insufficient funds. The Board’s finding of fact on this charge modifies that of the referee in this respect.
“The Board of Governors agrees with the referee’s findings of fact in the 15 count report and with the companion report only as modified by the Board’s finding above. The Board also concurs in the referee’s recommendation of discipline. Therefore, it is
“ORDERED and ADJUDGED that respondent, George H. Henry, be disbarred from the practice of law and that he pay the costs in these proceedings in the amount of $345.75.”
The record before us establishes that during the years 1966 and 1967, respondent wrongfully converted the funds of a dozen clients, misappropriating more than $68,000.
*162 Respondent has filed an “Answer to Judgment” but no request for a hearing before us. In his Answer respondent states that he has made partial restitution to some of the clients. Although this is commendable, it is not a sufficient basis for the Court to arrive at any decision contrary to that expressed herein.
Upon consideration of the respondent’s Answer, the record and the judgment of the Board of Governors of The Florida Bar we conclude that the recommendation of the referee and the Board of Governors that respondent be disbarred is approved.
Accordingly, it is the order of this Court that respondent, George H. Henry, be disbarred from the practice of law and pay the costs of these proceedings in the amount of $345.75.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, THORNAL and BOYD, JJ., concur.